IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAURIE G.[1],

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. 2:25-cv-01859-JR

OPINION AND ORDER

RUSSO, Magistrate Judge:

Plaintiff Laurie G. brings this action for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits and Social Security Income under the Social Security Act ("Act"). For the reasons set forth below, the Commissioner's decision is affirmed, and this case is dismissed.

[1] In the interest of privacy, this opinion uses only the first name and initial of the last name of the non-governmental party in this case.

## PROCEDURAL BACKGROUND

Born in 1977, plaintiff alleges disability beginning April 1, 2021, due to congestive heart failure, high blood pressure, depression, posttraumatic stress disorder, borderline personality disorder, sleep apnea, insomnia, headaches, and high cholesterol. Tr. 266, 269. Her claims were denied initially and upon reconsideration. On October 22, 2024, a hearing was held before an Administrative Law Judge ("ALJ"), wherein plaintiff was represented by counsel and testified, as did a vocational expert ("VE"). Tr. 40-73. On November 1, 2024, the ALJ issued a decision finding plaintiff not disabled. Tr. 16-28. After the Appeals Council denied her request for review, plaintiff filed a complaint in this Court. Tr. 1-6.

## THE ALJ'S FINDINGS

At step one of the five-step sequential evaluation process, the ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 18. At step two, the ALJ determined the following impairments were medically determinable and severe: "obesity; lumbar and cervical degenerative disc disease; left radius fracture status post-surgical repair; depressive disorder; anxiety disorder; posttraumatic stress disorder (PTSD); personality disorder; polysubstance abuse disorder." Tr. 18-19. At step three, the ALJ found plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. Tr. 20.

Because he did not establish a presumptive disability at step three, the ALJ continued to evaluate how plaintiff's impairments affected her ability to work. The ALJ resolved that plaintiff had the residual function capacity ("RFC") to perform sedentary work except: "she can occasionally climb ladders, ropes, and scaffolds; she cannot have concentrated exposure to

hazards, such as unprotected heights and moving, mechanical parts; and she is limited to simple, routine tasks." Tr. 22.

At step four, the ALJ expedited the process and did not analyze whether plaintiff could perform past relevant work. Tr. 27. At step five, the ALJ concluded plaintiff could perform jobs within the national economy despite her impairments such as escort vehicle driver, order clerk, and telemarketer. Tr. 27.

## DISCUSSION

Plaintiff argues the ALJ erred by (1) improperly discounting her subjective symptom testimony; (2) improperly assessing the medical opinions of Angie Hays, NPC, Julie McKown, PMHNP, and Jennifer Escobedo, QMHP; and (3) not meeting his burden at step five by concluding plaintiff could work in positions inconsistent with her RFC and by providing the VE with an incomplete hypothetical.

### I. Plaintiff's Testimony

Plaintiff contends the ALJ erred by discrediting her testimony concerning her limitations. Pl. Br. 15-19, ECF 9; Pl. Reply Br. 9-11, ECF 13. When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation omitted).[2] A general assertion the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be

[2] There is no allegation or affirmative evidence of malingering.

"sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). In other words, the "clear and convincing" standard requires an ALJ to "show [their] work." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

In plaintiff's function report, she testified her impairments affected her ability to lift, squat, bend, stand, and reach. Tr. 327. She explained she needed to stop and rest after walking "like a block or [two]." Tr. 327. She stated she regularly attended church, school, and physical therapy. Tr. 326. Plaintiff reported she followed instructions, written and spoken, "not so well" because she would forget what she read or would need to be shown how to do something multiple times. Tr. 327. She explained she prepared her own meals for the week but also received help preparing the meals. Tr. 328. Plaintiff reported she cooked complete meals, sandwiches, and simple meals. *Id.*

At her October 2024 hearing, plaintiff testified she needed to lay down and elevate her feet for at least forty five minutes around three times a day due to her neck pain. Tr. 47. She explained how because of her swollen feet, she got headaches when she elevated her feet. Tr. 47-48. Plaintiff also reported having "pretty bad headaches" three to four times a week due to stress, crying, and pain. Tr. 52. She treated her headaches by laying down for one to two hours with something over her eyes. Tr. 52-53.

Plaintiff complained of tingling, numbness, loss of grip strength, and pain in her hands when using them. Tr. 48, 58. She stated she could use her hands for "[p]robably like not even ten minutes." Tr. 48. Plaintiff reported she could stand for around ten to fifteen minutes before needing a break and could walk for around ten minutes before needing a break. Tr. 50-51. She testified she stopped attending school after breaking her elbow because she was in too much pain to concentrate. Tr. 64.

After summarizing plaintiff's testimony, the ALJ determined her medically determinable impairments could reasonably be expected to produce some of the alleged symptoms, but her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 22-23. The ALJ cited inconsistent objective evidence, inconsistent self-report of symptoms, and plaintiff's activities of daily living ("ADL") to support his conclusion. Tr. 23-25. The ALJ applied the proper legal standards and supported his rationale with substantial evidence.

First, the ALJ found plaintiff's testimony inconsistent with the record because her hand function was not limited except for a short period following surgery on her left elbow. Tr. 24. The ALJ highlighted how despite plaintiff's complaints of tingling, numbness, pain, and lack of grip strength of her hands, plaintiff repeatedly presented at medical appointments with normal grip strength and fully intact sensation in her hands during the relevant dates. Tr. 24, 387, 647, 652, 656, 710, 386, 410, 472, 499, 500, 570, 620, 643, 647, 652, 656, 878, 943, 963, 1030, 1045. The ALJ also found plaintiff's "normal gait" inconsistent with her allegation she could walk for only ten minutes at a time. Tr. 24, 387, 395, 434, 437, 442, 445, 447, 450, 453, 555, 628, 647, 656, 1183. However, the ALJ also noted plaintiff was observed to have a slightly abnormal gait: "mildly favoring affected side" at two appointments. Tr. 24, 637, 641.

Second, the ALJ found plaintiff's testimony inconsistent with her self-reported symptoms. Tr. 24. For example, the ALJ noted how six months before her hearing, plaintiff reported "very mild depressed mood, fatigue, and difficulty concentrating" in contrast to her allegations of more severe difficulty in concentrating. Tr. 24, 1348. Further, the ALJ contrasted plaintiff's testimony of suffering from headaches with her past denials of "headaches, weakness, stiffness, pain, or loss

of strength or sensation." Tr. 24, 427, 431, 445, 447-48, 450, 451, 497, 582, 874, 943. The ALJ conceded plaintiff's reports "are not universal, as she has reported symptoms on some occasions," but ultimately concluded "the lack of consistency in reporting demonstrates the claimant's limitations are not as severe or persistent as she has claimed." Tr. 24, 943.

Third, the ALJ found plaintiff's "level of activity is limited but is higher than one would expect given her allegations" and cited her ability to live alone, attend college, regularly attend church, cook for herself, go on walks, and shop for necessities to support his finding. Tr. 24, 324-336. Regarding her walking, the ALJ found plaintiff's testimony she could not walk for over ten minutes without needing a break inconsistent with her ability to meet and increase her step goals, including walking up to six thousand steps in a day. Tr. 25, 1275, 1327, 1346.

The reasons provided by the ALJ were "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza*, 50 F.3d at 750 (internal citation omitted); *see Smartt*, 53 F.4th at 499 (holding the question is not whether ALJ's rationale convinces the court, but whether the ALJ's rationale "is clear enough that it has the power to convince.")

Because the ALJ applied the proper legal standards and supported his findings with substantial evidence, the ALJ did not err in discounting plaintiff's testimony. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted) (holding if the ALJ's finding regarding plaintiff's subjective symptom testimony was "supported by substantial evidence in the record, [the court] may not engage in second-guessing.")

## II. Medical Opinion Evidence

Next, plaintiff argues the ALJ erred by improperly evaluating the medical opinions of Angie Hays, NPC, Julie McKown, PMHNP, and Jennifer Escobedo, QMHP. Pl. Br. 7-15. The

regulations require ALJs to evaluate the supportability and consistency of a medical opinion when assessing its persuasiveness. 20 C.F.R. § 404.1520c. ALJs must "articulate . . . how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency factors." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(b)(2)). Supportability is determined by assessing whether the medical source provides explanations and objective medical evidence to support their opinion. 20 C.F.R. § 404.1520c(c)(1). Consistency is determined by evaluating how consistent the opinion is with evidence from other medical and nonmedical sources in the record. 20 C.F.R. § 404.1520c(c)(2). "[A]n ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Woods*, 32 F.4th at 787. Because the ALJ sufficiently considered the supportability and consistency of Ms. Hays', Ms. McKown's, and Ms. Escobedo's medical opinions and supported his conclusions with substantial evidence, the ALJ did not err in discounting their opinions.

**A. Angie Hays, NPC**

On April 2, 2024, Ms. Hays completed a form opining on plaintiff's limitations and abilities in a hypothetical work environment. Tr. 1177-79. Ms. Hays stated she treated plaintiff between March 28, 2023, and April 2, 2024. Tr. 1177. She diagnosed plaintiff with cardiomyopathy, diabetes, osteoarthritis, borderline personality disorder, depressive disorder, hypertension, sleep apnea, and cervical radiculopathy. *Id.* Ms. Hays opined plaintiff was capable of a maximum of sedentary work with occasional reaching, handling, and fingering with both of her upper extremities. Tr. 1178. Ms. Hays also opined plaintiff would be off task for over thirty percent of the time during a regular forty-hour workweek. Tr. 1179. She opined plaintiff's limitations, began in 2015. *Id.* The ALJ found Ms. Hays' opinion partially persuasive because Ms. Hays' opinion was not entirely supported or consistent with the record. Tr. 26.

Regarding supportability, the ALJ found Ms. Hays' opinion partially supported. *Id.* The ALJ noted Ms. Hays' opinion that plaintiff's limitations began in 2015 but was not supported by explanation; and was unsupported by Ms. Hays' previous statement that she only began treating plaintiff in 2023. *Id.* The ALJ also found no support for Ms. Hays' opinion that plaintiff would be off task over thirty percent of the time. *Id.* The ALJ further noted how Ms. Hays also did not provide a rationale to explain her limitation to "occasional use" of plaintiff's upper extremities. *Id.* Nevertheless, the ALJ acknowledged the portions of Ms. Hays' opinion that were supported by explanation. *Id.* For example, the ALJ noted how Ms. Hays supported her limitation to sedentary work by discussing plaintiff's neck and lower back pain, edema in her lower extremities, and supporting medical imaging of plaintiff's neck, elbows, knees, shoulder, and spine. *Id.* Accordingly, the ALJ concluded Ms. Hays' opinion was partially supported.

Regarding consistency, the ALJ found "[s]ome of the opinion is additionally inconsistent with the record." Tr. 26. The ALJ highlighted how—inconsistent with Ms. Hays' limitation of plaintiff to only occasional use of her upper extremities—plaintiff's medical record did "not contain sensation, grip strength testing, or other findings showing the claimant is limited in upper extremity use." Tr. 26. On the other hand, the ALJ concluded objective medical evidence such as imaging of plaintiff's neck, back, and elbow was consistent with Ms. Hays' limitation of plaintiff to sedentary work. *Id.* Thus, the ALJ found Ms. Hays' opinion partially persuasive and partially incorporated her opinion into crafting plaintiff's RFC. *Id.* Because the ALJ applied the proper legal standards and supported his decision with substantial evidence, the ALJ did not err in finding Ms. Hays' limitations partially persuasive. *See Trevizo v. Berryhill*, 871 F.3d 664, 674-75 (9th Cir. 2017) (citing *Orn v. Astrue*, 495 F.3d at 625, 630 (9th Cir. 2007) ("Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld.")

**B. Julie McKown, PMHNP**

On February 9, 2023, Ms. McKown conducted a psychiatric consultative examination of plaintiff. Tr. 887-92. During the appointment she interviewed plaintiff regarding her medical and social history and conducted mental status and cognitive examinations of plaintiff. *Id.* Ultimately, Ms. McKown opined plaintiff was unable to: understand, remember, and carry out simple or complex instructions, sustain concentration and persist in work-related activities at a reasonable pace, interact with coworkers, superiors, or the public in a work setting, and adapt to the usual stresses of a workplace. Tr. 892. The ALJ found Ms. McKown's opinion unpersuasive because it was unsupported by her evaluation of plaintiff and inconsistent with the medical record. Tr. 25.

The ALJ found Ms. McKown's opinion unsupported by her examination of plaintiff. *Id.* The ALJ reasoned Ms. McKown's opinion that plaintiff had a "total inability to complete simple tasks, interact with others, concentrate, or adapt" was unsupported by Ms. McKown's findings of "normal" throughout plaintiff's examination. Tr. 25. The ALJ acknowledged plaintiff had difficulties in portions of the evaluation but reasonably concluded plaintiff's "normal" findings "in areas of memory, fund of knowledge, concentration, and judgment" did not support Ms. McKown's opinion. Tr. 25. Thus, the ALJ found her opinion overall "poorly supported." Tr. 25. The ALJ also analyzed the consistency of Ms. McKown's opinion. *Id.* The ALJ concluded Ms. McKown's extreme limitations were inconsistent with "the bulk of record evidence, which showed generally normal mental status examinations with few abnormalities" and a lack of specialized mental health treatment. Tr. 25. Accordingly, the ALJ concluded Ms. McKown's opinion was "neither supported by the evaluation nor consistent with the evidence." Tr. 25.

The ALJ did not err in finding Ms. McKown's opinion unpersuasive because the ALJ reasonably analyzed the consistency and supportability of her opinion and supported his analysis

with substantial evidence. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999) ("When evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ.")

**C. Jennifer Escobedo, QMHP**

On April 23, 2023, Ms. Escobedo conducted a mental residual functional capacity assessment of plaintiff. Tr. 1149-52. She opined plaintiff had moderate limitations in her ability to understand, remember, or apply information, interact with others, and concentrate, persist, or maintain pace. Tr. 1151. Ms. Escobedo opined plaintiff had an extreme limitation in her ability to adapt or manage herself. *Id.* She reported plaintiff would be off task and unproductive over thirty percent of the time and absent four or more days a month if she were to work a forty-hour workweek. Tr. 1152.

The ALJ found Ms. Escobedo's opinion partially persuasive because her opinion was not well supported and was only partially consistent with the record. Tr. 25. Regarding supportability, the ALJ found Ms. Escobedo's opinion unsupported because she did not support her opinion with meaningful analysis or citation of any supporting evidence from her treatment of plaintiff. *Id.* The ALJ further found her opinion unsupported because Ms. Escobedo did not identify plaintiff's diagnoses and her analysis of plaintiff's ability to interact with others was not internally consistent. *Id.* Regarding consistency, the ALJ found Ms. Escobedo's opinion partially consistent with plaintiff's medical record. *Id.* The ALJ explained her opinion was only partially consistent because plaintiff's record "show[ed] moderate abnormalities in areas of memory, understanding, and concentration, interspersed with normal findings." Tr. 25. Ultimately, the ALJ found Ms. Escobedo's opinion partially persuasive because the limitations in her opinion were unsupported

and inconsistent with plaintiff's "course of mental health treatment and the normal mental health findings found in the totality of the record." Tr. 25.

When "evidence is susceptible of more than one rational interpretation," the ALJ's conclusion "must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). At bottom, the ALJ sufficiently addressed the consistency and supportability factors and supported his findings regarding Ms. Hays', Ms. McKown's, and Ms. Escobedo's opinions with substantial evidence. *See Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (simplified) ("Where the evidence can reasonably support either affirming or reversing a decision, we [the court] must not substitute our judgment for that of the ALJ.")

**III. Step Five**

Plaintiff asserts the ALJ made two errors at step five of the sequential disability evaluation. Pl. Br. at 19-20; Pl. Reply Br. at 11-12. First, plaintiff argues the ALJ erred by finding her capable of working jobs requiring level two reasoning despite being limited to performing "simple, routine tasks." Pl. Br. at 19-20 (quoting Tr. 22.); Pl. Reply Br. at 11-12. Second, plaintiff argues the ALJ erred by failing to include all her limitations in her RFC. As explained below, plaintiff's arguments are unavailing and the ALJ did not err at step five.

The Ninth Circuit has repeatedly held that a restriction to "simple tasks" or "simple, repetitive tasks" is congruent with GED level two reasoning. *See, e.g., Abrew v. Astrue*, 303 Fed.Appx. 567, 569-70 (9th Cir. 2008); *Lara v. Astrue*, 305 Fed.Appx. 324, 326 (9th Cir. 2008); *Davis v. Saul*, 846 Fed.Appx. 464, 466 (9th Cir. 2021).

The Ninth Circuit has also found "no appreciable difference between the ability to make simple decisions based on short, simple instructions and the ability to use commonsense understanding to carry out detailed but uninvolved instructions, which is what Reasoning Level 2

requires." *Ranstrom v. Colvin*, 622 Fed.Appx. 687, 688 (9th Cir. 2015) (citing *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015)). Therefore, the ALJ did not err to conclude plaintiff could perform the requirements of reasoning level two positions despite being limited to performing "simple, routine tasks." Tr. 22, 27-28.

Plaintiff's final assignment of error is that the ALJ's RFC fails to account for all of plaintiff's limitations. The RFC must contemplate all medically determinable impairments, including those which the ALJ found non-severe, and evaluate all the relevant testimony, including the opinions of medical providers and the subjective symptom testimony set forth by the claimant. 20 C.F.R. §§ 404.1545, 404.1545; SSR 96–8p. In formulating the RFC, the ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations. *Stubbs–Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Only those limitations which are supported by substantial evidence must be incorporated into the RFC. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

Here, plaintiff's argument the RFC failed to account for all her functional limitations are specifically tied to the ALJ's discounting of plaintiff's symptom testimony and Ms. Hays', Ms. McKown's, and Ms. Escobedo's medical opinions. Thus, plaintiff has not articulated an independent error here; her success rises and falls on the success of her other assignments of error, already addressed above. This Court cannot "engage in second-guessing" of how the ALJ evaluated plaintiff's RFC; this Court must only ask whether substantial evidence supports the ALJ's ultimate conclusions. *Thomas*, 278 F.3d at 959. Because such evidence is found in the record, this Court affirms the ALJ's decision and the Commissioner's decision in turn.

## CONCLUSION

For the reasons stated above, the Commissioner's decision is AFFIRMED, and this case is DISMISSED.

IT IS SO ORDERED.

DATED this 2nd day of September, 2026.

/s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge